**SO ORDERED.**

**SIGNED this 22 day of December, 2010.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

TIMOTHY S. GRISSINGER,                    CASE NO. 10-01024-8-JRL
                                                               Chapter 13
     DEBTOR.

### ORDER

This matter came before the court on the debtor's motion to turnover property held by the North Carolina Department of Revenue ("NCDOR"). A hearing was held on December 14, 2010, in Wilmington, North Carolina.

The debtor filed the instant motion to turnover certain property seized by the NCDOR to satisfy tax liabilities the debtor claims are not owed. The NCDOR argues the motion was improperly served and should be dismissed on procedural grounds. The NCDOR asserts the motion should have been brought as an adversary proceeding, which would require a summons and proper service of the complaint.

The debtor properly brought the motion for turnover. Pursuant to 11 U.S.C. §542(a):

> an entity, other than a custodian in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

While this provision does not explicitly grant a chapter 13 debtor the right to demand turnover, it does provide for turnover to the trustee of property "that the trustee may use, sell, or lease under section 363." In re Williams, 316 B.R. 534, 540 (Bankr. E.D. Ark. 2004). Additionally, a chapter 13 debtor is granted the rights and powers a trustee would have under §§363(b), 363(d), 363(e), 363(f), and 363(l). 11 U.S.C. §1303. Courts have held that this relationship between §§363, 542(a), and 1303 gives chapter 13 debtors the right to demand turnover. Williams, 316 B.R. at 540; See also In re Sharon, 234 B.R. 676, 687 (B.A.P. 6th Cir. 1999) (finding that to the extent a chapter 13 debtor can use property of the estate under §363, the debtor can compel turnover under §542); In re Radden, 35 B.R. 821, 826 (Bankr. E.D. Va. 1983)(allowing a chapter 13 debtor to seek turnover of property that the debtor may use in the ordinary course of business).

Here, the debtor demands that property of the estate, specifically a boat allegedly used in the debtor's construction business to haul materials and employees to and from Bald Head Island, be returned. In doing so, the debtor is acting under his §1303 powers as a trustee to demand turnover of property to the estate. Therefore, the debtor is a proper party to bring the motion. Furthermore, the debtor does not need to raise the issue as an adversary proceeding, but rather properly asserted it as a motion as a trustee would under §542(a).

The NCDOR's procedural objection to the debtor's motion for turnover is **OVERRULED**.

**END OF DOCUMENT**